ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GARY LABARBERA and FRANK FINKEL
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

**MEMORANDUM AND ORDER**
Case No. 06-CV-6642 (FB) (JMA)

               PlaintiffS,
  -against-

TORRETTA TRUCKING INC. and
GIUSEPPE SCALICI,

               Defendants.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

       On December 15, 2006, plaintiffs filed a complaint seeking damages against Torretta Trucking Inc. ("Torretta") for unpaid fringe benefit contributions due for the periods of August and September 2006, including associated delinquency charges and interest; plaintiffs also sought from Torretta damages for "additional contributions . . . which may become due and owing during the course of the instant action." Docket Entry # 1 at 7. Against Giuseppe Scalici ("Scalici"), plaintiffs sought damages relating to bounced checks Scalici signed in his personal capacity. The complaint also sought, against both defendants, attorneys fees to the extent allowed by ERISA and Collective Bargaining Agreements covering Torretta. The total amount of damages sought in the complaint was

$4,286.62 plus interest and fees.

As a result of defendants's failure to answer or otherwise defend, default judgment was entered on February 27, 2007, and the matter was referred to Magistrate Judge Azrack for a determination of damages. *See* Docket Entry # 9. In addition to the damages sought in the complaint, plaintiffs's counsel submitted an affirmation to the Magistrate Judge seeking recovery of two additional categories of damages: (1) discrepancies between contributions defendants actually made and should have made in the period between July 12, 2004 to August 31, 2005 ("the discrepant amounts"), and (2) late contributions in the period between June 2005 and February 2006 ("the late contributions"). Liquidated damages, interest, costs and attorneys fees were sought with respect to both.

On October 11, 2007, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that a judgments of $7,025.93 be entered against Torretta and $1,876.66 against Scalici. The R&R denied plaintiffs recovery of the discrepant amounts and the late contributions, including liquidated damages, interest fees and costs associated with each,[1] because they "cannot be calculated from the causes alleged in the complaint." R&R at 6. In denying these damages, the Magistrate Judge correctly recognized that "[r]elief in a default judgment shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. . . . This principle is grounded in basic concepts of notice and fairness. A defendant must be able to look to the complaint to decide, on the basis of the relief requested therein, whether or not to mount a defense."

---

[1] These damages amounted to $79,894.26.

*Id.* (citations and quotation marks omitted). The R&R also reduced attorneys fees for duplicative time entries, and denied plaintiffs' claim for injunctive relief.

Plaintiffs timely filed objections arguing that the R&R erroneously denied recovery of the discrepant payments and the late contributions, as well as interest, costs and fees associated with each because the complaint "contained notice to defendants that any additional contributions and/or delinquency charges [that] may become due and owing during the course of this action could be included as part of the action." Docket Entry #14 at 3. Plaintiffs also argue that with respect to attorneys fees, duplicative time entries resulted from billing practices which required separating time entries between the two contracts from which defendants' liability arose; thus, "[a]lthough certain entries are identical between both records, this was a reflection of total hours actually expended in researching claims relevant to both contracts, which was then split equally between them for purposes of maintaining consistency in the billing procedure." Docket Entry # 14 at 5. Plaintiffs objections do not implicate Scalici and they do not object to the R&R's denial of injunctive relief.

Where objections are filed, review of an R&R is *de novo*. 28 U.S.C. § 636(b)(1).

## I. Damages beyond those sought in the complaint

Plaintiff's argument that defendants were given notice of the discrepant amounts and the late contributions because the complaint contains a cause of action seeking "damages in the amount of any additional contributions and/or delinquency charges which may *become* due and owing during the course of the instant action," Docket

3

Entry #1 at 7 (emphasis added), is without merit because the discrepant payments covering from June 12, 2004 to August 31, 2005 and delinquent contributions from June 2005 to February 2006 did not "become due and owing" after the complaint was filed on December 15, 2006. Thus, defendants were not put on notice that these damages would be sought and the R&R correctly denies plaintiffs recovery of these amounts.

The Court notes that plaintiffs are not precluded from seeking these damages in a separate action where defendants are afforded an opportunity to decide whether or not to mount a defense against plaintiffs' claims for the discrepant amounts and the late contributions.

## II. Attorney's fees

The R&R reduced plaintiffs' fee request by $1,377.00 "[b]ecause some of the charged fees were incurred while researching damages never claimed in the complaint [and] certain fees . . . appear[ed] twice in the itemized list, " R&R at 11-12; because the R&R is adopted with respect to the damages issue, the R&R's reduction of fees based upon these impermissible damages is also adopted; however, the R&R incorrectly determined that duplicative entries amounting to 5.43 hours of work and $932.50 of fees should not be included in plaintiff's fee request. The fee request consisted of two itemized invoices: one relating to Torretta's obligations under a Memorandum of Agreement with the Metropolitan Truckers Association("MTA"), *see* Docket Entry # 12, ex. A, and the second relating to Torretta's obligations under a Heavy Construction and Excavation Contract, *see id.* at ex. C, and duplicative entries appeared as a result of plaintiff's counsel's billing

4

practices, which required maintaining separate fee records for each contract. Therefore, plaintiff's fee award against Torretta is increased by $932.50.

## Conclusion

Plaintiff's objections relating to damages is denied; plaintiffs objections relating to fees is granted to the extent fees were reduced due to seemingly duplicative entries. Thus, a judgment of $7,958.43 shall be entered against Torretta; the R&R's recommendation with respect to Scalici is adopted and a judgment of $1,876.66 shall be entered against him.

**SO ORDERED.**

/signed/

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 28, 2007